IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                                                              PLAINTIFF,

v.                                                     CIVIL ACTION NO.   1:20-cv-293-HSO-JCG

$21,480.00 UNITED STATES CURRENCY;
ONE GLOCK .45 CALIBER, 30 SEMI-
AUTO PISTOL, SERIAL NUMBER NUA172;
TEN ROUNDS OF .45 CALIBER
AMMUNITION; ONE GLOCK .45 CALIBER
MAGAZINE; TWO LG MOBILE
TELEPHONES; ONE APPLE iPHONE; ONE
SAMSUNG GALAXY J7 MOBILE
TELEPHONE; AND ONE SAMSUNG GALAXY
NOTE 9 MOBILE TELEPHONE,                                                 DEFENDANT PROPERTY.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, by and through its United States Attorney and the undersigned Assistant U.S. Attorney for the Southern District of Mississippi, brings this Verified Complaint for Forfeiture *in rem,* in accordance with Rule G(2) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions ("the Supplemental Rules") and the Federal Rules of Civil Procedure, and alleges as follows:

### NATURE OF THE ACTION

1. This is an action by the United States seeking forfeiture of the following:

    a. **$21,480.00 United States Currency;**

    b. **One (1) Glock, .45 caliber, 30 semi-auto Pistol, Serial Number NUA172;**

    c. **Ten (10) rounds of .45 caliber ammunition;**

    d. **One (1) Glock .45 caliber magazine;**

    e. **Two (2) LG mobile telephones;**

f.	**One (1) Apple iPhone;**

g.	**One Samsung Galaxy J7 mobile telephone;** and

h.	**One (1) Samsung Galaxy Note 9 mobile telephone**,

(the "defendant property") which were seized from Abdul Yamil Mendoza and Albert Paulino Leal. The defendant property is subject to forfeiture under 21 U.S.C. § 881, because the defendant property was involved in, was facilitating, or constitutes the proceeds of drug trafficking, in violation of 21 U.S.C. §§ 841 (drug trafficking) and 846 (drug conspiracy).

## THE DEFENDANT *IN REM*

2.	The defendant property consists of

a.	**$21,480.00 United States Currency;**

b.	**One (1) Glock, .45 caliber, 30 semi-auto Pistol, Serial Number NUA172;**

c.	**Ten (10) rounds of .45 caliber ammunition;**

d.	**One (1) Glock .45 caliber magazine;**

e.	**Two (2) LG mobile telephones;**

f.	**One (1) Apple iPhone;**

g.	**One Samsung Galaxy J7 mobile telephone;** and

h.	**One (1) Samsung Galaxy Note 9 mobile telephone**,

which were seized by the U.S. Homeland Security Investigations on March 1, 2019, in Gulfport, Mississippi, within the Southern District of Mississippi, Southern Division.

## JURISDICTION AND VENUE

3.	This Court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture *in rem* under 28 U.S.C. § 1355.

4. Venue is proper in the Southern Division of the Southern District of Mississippi pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(a), because acts and/or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395(b), because the defendant property was found and seized in this District.

## BASIS FOR FORFEITURE

5. The defendant property is subject to forfeiture under 21 U.S.C. § 881 because the defendant property is involved in, was facilitating, or constitutes the proceeds of drug trafficking, in violation of 21 U.S.C. §§ 841 (drug trafficking) and 846 (drug conspiracy).

6. The Controlled Substances Act, 21 U.S.C. § 801, *et seq.,* and 21 U.S.C. § 881 make subject to forfeiture to the United States any proceeds derived, and any facilitating property, from any knowing violation of 21 U.S.C. §§ 841(a)(1), 846, and 848, which is drug distribution, drug conspiracy, and continuing criminal enterprise.

7. Title 21 U.S.C. § 881(h) provides that all right, title, and interest in property described in 21 U.S.C. § 881(a) shall vest in the United States upon commission of the act giving rise to forfeiture under 21 U.S.C. § 881.

## FACTS AND CIRCUMSTANCES

8. A detailed account of the facts and circumstances of the search and seizure at issue and the basis for this instant forfeiture action is set out in the Declaration of Homeland Security Investigations Special Agent Lee Robinson, attached hereto as Exhibit "A" and fully incorporated herein by reference.

## CLAIM FOR RELIEF

9. Plaintiff United States requests that the Clerk of Court for the U.S. District Court for the Southern District of Mississippi issue an Arrest Warrant *in rem* for the arrest of the

defendant property under Supplemental Rule G(3)(b), which the United States will execute upon the defendant property located in the custody of the HSI under 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

10. Plaintiff United States prays that process issue to enforce the forfeiture of the defendant property and that all persons having an interest in the defendant property be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the defendant property to the United States for disposition according to law and that this Court grant the United States such further relief as this Court may deem just and proper, together with the costs and disbursements in this action.

Respectfully submitted, this the 11th day of September, 2020.

D. MICHAEL HURST, JR.
United States Attorney

/s/ Shundral H. Cole
SHUNDRAL H. COLE
Assistant United States Attorney
1575 20th Avenue
Gulfport, MS  39501-2040
(228) 563-1560 Telephone
(228) 563-1571 Facsimile
MBN: 103003
shundral.cole@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DECLARATION IN SUPPORT OF VERIFIED COMPLAINT**

Under 28 U.S.C. § 1746, I, Lee Robinson, Special Agent, Department of Homeland Security, Homeland Security Investigations, Gulfport, Mississippi, make the following unsworn declaration, under the penalty of perjury, pertinent to the above-styled and numbered case:

**I.     Introduction**

1. This affidavit is made in support of a Verified Civil Complaint for forfeiture of property seized pursuant to an ongoing investigation resulting in a valid traffic stop. There is probable cause to believe that the property was involved in or constitutes the proceeds of drug trafficking, in violation of 21 U.S.C. §§ 841 (drug trafficking) and 846 (drug conspiracy), and is therefore subject to forfeiture under 21 U.S.C. § 881. This affidavit is based upon my personal knowledge and experience obtained as case agent in the above case and information I have received from other law enforcement officials.

**II.    Declarant's Background and Experience**

2. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI) and have been so employed since February 2003. As an HSI Special Agent, I have attended specialized training course in conducting improper importation/smuggling investigations. Prior to my present employment, I was employed by the City of Mobile, Alabama, Police Department for six years.

3. By virtue of my employment as a law enforcement officer, I have performed and continue to perform various duties, including, but not limited to:

   a.     Participating in and conducting investigations resulting in the arrests

1

**EXHIBIT A**

        and convictions of individuals who have smuggled, received, and distributed illegal drugs, as well as the seizure and forfeiture of contraband and proceeds derived from the sale of those illegal drugs;

    b.    Participating in and conducting investigations concerning the concealment of assets derived from the sale of illegal drugs, including money, bank accounts, vehicles, and homes, and the identification of co-conspirators through the use of ledgers, telephone bills and records, and photographs;

    c.    Conducting various types of electronic surveillance;

    d.    Executing search and arrest warrants;

    e.    Debriefing defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, and of the laundering and concealing of illicit proceeds; and

    f.    Participating in traffic stops of persons suspected of transporting controlled substances and/or proceeds of the sale of controlled substances.

4.    Through training and experience, and through the training and experience of other narcotics agents with whom I have talked, I have learned the following:

    a.    That large-scale drug traffickers maintain and handle large amounts of United States currency in order to finance their ongoing drug business;

    b.    That it is common practice for large-scale drug traffickers to secrete contraband, proceeds of drug sales, and records of drug transactions in locations within their residences, vehicles, and/or place of business to conceal them from law enforcement authorities;

    c.    That it is a common practice for large-scale drug traffickers to travel to distribution areas to facilitate their trafficking; that after purchasing drugs, the drug trafficker will transport, or cause to be transported, drugs to other areas for distribution; and that the methods of transportation include, but are not limited to, rental and private automobiles;

    e.    That, generally, illegal drugs are transported north from Mexico into the United States, while drug proceeds are transported south from the United States into Mexico;



    f.    That couriers for drug traffickers continually buy, trade, and sell vehicles in an attempt to elude law enforcement, since couriers believe by obtaining a newly registered vehicle (or a different vehicle), that any past wrongdoing or information obtained by law enforcement related to their previous vehicle will not be found;

    g.    That members of drug trafficking organizations often use multiple mobile telephones. Much like continually changing vehicles and registrations, couriers and drug traffickers believe that changing mobile telephones will help elude law enforcement;

    h.    That, in an effort to avoid law enforcement detection, members of drug trafficking organizations frequently use inexpensive, prepaid cellphones, often called "drop phones," because they can be used to communicate between members of the organization and discarded easily; and

    i.    That the Courts have recognized unexplained wealth is probative evidence of criminal violations by pecuniary gain, in particular trafficking in controlled dangerous substances. *See United States v. Chagra,* 669 F.2d 241, 256 (5th Cir. 1982), *overruled on other grounds.*

### III. Property to be Forfeited

5.    a.    **$21,480.00 United States Currency;**

    b.    **One (1) Glock, .45 caliber, 30 semi-auto Pistol, Serial Number NUA172;**

    c.    **Ten (10) rounds of .45 caliber ammunition;**

    d.    **One (1) Glock .45 caliber magazine;**

    e.    **Two (2) LG mobile telephones;**

    f.    **One (1) Apple iPhone;**

    g.    **One Samsung Galaxy J7 mobile telephone;** and

    h.    **One (1) Samsung Galaxy Note 9 mobile telephone.**

### IV. Facts and Circumstances

6.    In November 2018, the Department of Homeland Security, Border Enforcement



Security Task Force, Gulfport, Mississippi, received information from a confidential informant (CI) regarding a drug trafficking organization distributing cocaine in the United States. The CI, purportedly a supplier of cocaine, stated the organization wished to purchase 20 kilograms of cocaine.

7.     On November 15, 2018, **ABDUL YAMIL MENDOZA** traveled to Gulfport, Mississippi, to meet with the CI. Agents observed the meeting between the CI and **MENDOZA** as they discussed the future purchase of 20 kilograms of cocaine from the CI. A short time later, a law enforcement officer, acting in an undercover capacity, arrived at the meeting site with 2 kilograms of cocaine hydrochloride in his/her vehicle. The CI and **MENDOZA** entered the undercover agent's vehicle to inspect the cocaine. Following the inspection, the undercover agent left and the CI and **MENDOZA** continued their negotiations. At the conclusion of the meeting, **MENDOZA** agreed to purchase 20 kilograms of cocaine for $27,000 per kilogram, or $29,000 per kilogram if the CI had the cocaine delivered to the Tampa/Orlando, Florida, area.

8.     Following the November 15, 2018, meeting with **MENDOZA**, and at the agents' request, the CI, on numerous occasions, spoke with **MENDOZA** via mobile telephone. During one of these calls, **MENDOZA** offered to provide a 2017 Mercedes Benz to the CI as an earnest payment for the delivery of cocaine to Tampa. On November 30, 2018, **MENDOZA** and **ALBERT PAULINO LEAL** arrived in Gulfport and gave a Mercedes Benz to the CI. With agents monitoring, the CI met **MENDOZA** and **LEAL** at a restaurant on Crossroads Parkway in Gulfport. Afterward, I debriefed the CI, who relayed that **MENDOZA** and **LEAL** discussed purchasing cocaine from the CI, for $29,000 per kilogram, with the CI transporting the narcotics to them in the Tampa, Florida area. Agents discovered that the 2017 Mercedes Benz was reported

**EXHIBIT A**

stolen in Georgia on November 6, 2018.[1]

9. On December 12, 2018, while surveilled by agents, the CI and an undercover agent met **MENDOZA** at a restaurant located on U.S. Highway 301 in Tampa, to receive payment for the purported cocaine delivery. **MENDOZA** advised he did not possess the funds necessary to pay for the cocaine, but he had buyers interested in purchasing additional kilograms of cocaine from the CI. During the conversation, **MENDOZA** advised that a buyer in Orlando wanted to purchase 20 kilograms, and another buyer in Tampa wanted to purchase 5 kilograms. **MENDOZA** stated a vehicle was scheduled to bring the money to the CI and the undercover agent at the restaurant. While waiting for the vehicle to arrive, **MENDOZA** called the person bringing the money purchase the twenty kilograms of cocaine. During the conversation, **MENDOZA** handed his mobile telephone to the CI. The CI spoke with the subject, believed by the CI to be **LEAL**, who advised he was in Orlando, stating he could meet with the CI in approximately one to two hours. After an extended period, the operation was terminated due to a failure to arrive in a reasonable time by **LEAL**.

10. Following the unsuccessful operation in Tampa, and at the request of agents, the CI continued to converse with **MENDOZA** related to the intended narcotics transaction. **MENDOZA** informed the CI that **LEAL**, the owner of the Mercedes Benz utilized as an earnest payment to the CI, was angry about the vehicle not being returned to him. **LEAL** attempted to negotiate the return the vehicle and the purchase of several kilograms of cocaine from the CI. **LEAL** also unsuccessfully attempted to negotiate the purchase of several kilograms of cocaine

---

[1] The owner of the Mercedes Benz was a woman from Atlanta, Georgia, who was unaffiliated with the drug trafficking organization. **LEAL** later told agents that he had purchased the vehicle from used car dealer in the Atlanta area. The vehicle was subsequently recovered and returned to the owner's insurance company.



with an undercover law enforcement officer in Orlando, Florida, introduced to him by the CI.

11.     Following several unsuccessful attempts to meet, on March 1, 2019, **MENDOZA** contacted the CI and advised he and **LEAL** were in the Gulfport area. The CI arranged a meeting at a restaurant on Crossroads Parkway in Gulfport. Agents observed a silver Cadillac, occupied by four subjects, enter the business parking lot and park near the CI. Agents observed **MENDOZA** and **LEAL** exit the vehicle and engage in conversation with the CI, who summoned an undercover law enforcement officer, in possession of 2 kilograms of cocaine hydrochloride, to the location. The undercover law enforcement officer exited his/her vehicle while the CI, **MENDOZA,** and **LEAL** entered the vehicle to inspect the cocaine hydrochloride. Once they exited the vehicle, the undercover law enforcement officer left. **LEAL** and **MENDOZA** showed the CI several bundles of U.S. currency in the trunk of their vehicle. The CI instructed **LEAL** and **MENDOZA** to follow him/her to a purported stash location to retrieve the remaining kilograms of cocaine. Upon departing the business, the CI contacted me and stated that **LEAL** would summon a second vehicle—carrying $190,000 to purchase any additional available cocaine —to the purported stash location.

12.     After departing the restaurant, a Harrison County Sheriff's deputy conducted a traffic stop on the vehicle for traffic violations at mile marker 35. The driver of the vehicle, identified as Samuel George Mayers, attempted to dispose of a small plastic baggy, found to contain cocaine, and engaged in a physical altercation with the Harrison County Sheriff's deputy. Upon observing the altercation, agents and deputies descended upon the location and all subjects were removed from the vehicle. While conducting a post arrest search of the vehicle, deputies opened the truck and observed a black backpack in the trunk. Upon the discovery of the bag, **LEAL** stated, "That's my bag and my money." The bag contained United States currency, split

**EXHIBIT A**

into several rubber-banded groups with a large rubber band holding the smaller groups together, and well as loose currency. Agents seized the cash and the other above-listed property for forfeiture. During post-Miranda interviews, the parties provided conflicting stories.

13. On March 19, 2019, **MENDOZA** and **LEAL** were indicted in the Southern Division of the Southern District of Mississippi. Indictment, ECF No. 23, *United States v. Adbul Yamil Mendoza and Albert Paulino Leal*, 1:19-cr-49-LG-JCG. Both **MENDOZA** and **LEAL** were charged with violating 21 U.S.C. § 846 (conspiracy to distribute a controlled substance) and 21 U.S.C. §§ 846 and 841 (attempt to possess with intent to distribute a controlled substance). On July 25, 2019, **MENDOZA** pleaded guilty to Count 1 of the Indictment (conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846). On November 13, 2019, **MENDOZA** was sentenced to 144 months imprisonment and two years of supervised release. On November 21, 2019, the Court granted the United States' Motion to Dismiss as to **LEAL**.

V. **Conclusion**

14. I have concluded that probable cause existed to seize the currency as drug proceeds. My conclusion is based on statements made by both **MENDOZA** and **LEAL** regarding the intended purchase of kilogram quantities of cocaine from the confidential informant. I reasonably believe that the money was intended to facilitate this drug crime, or is directly related to drug proceeds, in violation of 21 U.S.C. § 841 (drug trafficking) and § 846 (drug conspiracy) and is therefore subject to forfeiture to the United States of America under 21 U.S.C. § 881.

15. I have concluded that probable cause existed to seize the listed mobile telephones, Glock pistol, magazine and ammunition. My conclusion is based on statements made by both **MENDOZA** and **LEAL** regarding the intended purchase of kilogram quantities of cocaine from the confidential informant. I reasonably believe that the mobile telephones, the Glock pistol,


**EXHIBIT A**

magazine and ammunition were utilized to facilitate this drug crime, or is directly related to drug proceeds, in violation of 21 U.S.C. § 841 (drug trafficking) and § 846 (drug conspiracy) and is therefore subject to forfeiture to the United States of America under 21 U.S.C. § 881.

16.  I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and accurate to the best of my knowledge and belief.

Executed this 11th day of September, 2020.

*Lee Robinson* (signature)

Lee Robinson
Special Agent
Homeland Security Investigations

**EXHIBIT A**

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

1:20cv293 HSO-JCG

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
$21,480.00 U.S. Currency; One Glock .45 Caliber, 30 Semi-Auto Pistol, Serial Number NUA172; Ten Rounds, et al.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Harrison County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Marc A. Perez, U.S. Attorney's Office
501 East Court Street, Suite 4.430, Jackson, MS 39201  (601) 965-4480

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  |  / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21 U.S.C. 881
Brief description of cause:
Civil forfeiture of cash, pistol and ammunition, and cell phones, seized from Abdul Yamil Mendoza and Albert Paulino Leal

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 9/11/2020
SIGNATURE OF ATTORNEY OF RECORD
Shundral Cole  /s/ Shundral H. Cole

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____